**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 06 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PHILLIP G. ROSZAK,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>U.S. FOODSERVICE INCORPORATED<br>and USF HOLDING CORPORATION,<br><br>　　　　　Defendants - Appellees. | No. 13-17160<br><br>D.C. No. 2:13-cv-01009-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Arugued and Submitted December 10, 2015
San Francisco, California

Before:　　O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

　　Phillip G. Roszak appeals from the district court's judgment in favor of U.S.

Foodservice, Inc. and USF Holding Corp. (collectively, "U.S. Foods") in Roszak's

diversity action alleging violations of the Delaware Whistleblowers' Protection Act

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("DWPA"), Del. Code Ann. tit. 19, § 1701 *et seq.*, and the parties' employment agreements. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order granting U.S. Foods's motions to dismiss the DWPA claim and to compel arbitration and denying Roszak's motion to stay arbitration. *Brennan v. Opus Bank*, 796 F.3d 1125, 1128 (9th Cir. 2015) (decisions about arbitrability of claims); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (motion to dismiss). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court dismissed Roszak's DWPA claim because it concluded that the DWPA does not apply to alleged violations committed outside of the state. After the district court's entry of judgment, the arbitrator rendered an award finding, among other things, that Roszak was not fired because of any whistleblowing activity, and the United States District Court for the Northern District of Illinois entered an order confirming the award. *See U.S. Foods, Inc. v. Noble*, No. 13 C 3640, 2015 WL 5081126 (N.D. Ill. Aug. 27, 2015). Counsel has represented to this court that the Northern District of Illinois's final judgment will not alter confirmation of the award. If, for whatever reason, the award should not have been confirmed, that order may be appealed to the Seventh Circuit. That

2

court may review issues decided in the arbitration, but this court will not review the order of the Northern District of Illinois. Therefore, we do not address whether the DWPA applies to alleged violations committed outside of the state by a Delaware corporation, because even if the district court erred, the confirmed arbitration award precludes relitigation of the issue whether Roszak was fired because of any whistleblowing activity.[1] *See Kendall v. Vista U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (elements of issue preclusion). In the event that the Northern District of Illinois fails to enter final judgment confirming the arbitration award, however, this court will entertain a motion for reconsideration under Circuit Rule 27-10.[2]

The district court's grant of U.S. Foods's motion to compel and denial of Roszak's motion to stay arbitration on the remaining claims was proper because the parties incorporated the American Arbitration Association ("AAA") rules into their agreement and therefore agreed to arbitrate the question of arbitrability. *See Brennan*, 796 F.3d at 1130 ("[I]ncorporation of the AAA rules constitutes clear

---

[1]Although the issue of preclusion was not raised in the parties' briefs, their views on this issue were heard at oral argument.

[2] By separate order, the panel will order the Clerk to stay the mandate and the parties to notify the court when final judgment is entered in the Northern District of Illinois.

and unmistakable evidence that contracting parties agreed to arbitrate arbitrability.").

Roszak's Motion to Certify Questions to the Delaware Supreme Court, filed on April 14, 2014, is denied as unnecessary.

**AFFIRMED.**